

Signed/Docketed
March 22, 2013

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: | ) |
| | ) Case No. 11-15126 MER |
| SHEILAGH KERRIGAN-RONAN-PREW, | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | |
| In re: | ) |
| | ) Case No. 12-15879 MER |
| SHEILAGH KERRIGAN-RONAN-PREW, | ) |
| | ) Chapter 13 |
| Debtor. | ) |

## ORDER

This matter comes before the Court on the following motions pending in the two pending bankruptcy cases filed by Debtor Sheilagh Kerrigan-Ronan-Prew ("Sheilagh"):

In Chapter 7 Case No. 11-15126 MER ("Chapter 7 Case"):

● *Verified Motion to Void Judicial Lien on Debtor's Real Property* (Docket No. 25) and the response filed by David Prew ("David") (Docket No. 34).

● David's *Objection to Claim of Property Exemption* (Docket No. 63), and Sheilagh's response (Docket No. 77).

In Chapter 13 Case No. 12-15879 MER (the "Chapter 13 Case"):

● David's *Objection to Claim of Property Exemption* (Docket No. 25) and Sheilagh's response (Docket No. 28).

## JURISDICTION

The Court has jurisdiction over these matters under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(B) and (K), as they involve allowance or disallowance of claims against the estate or exemptions from property of the estate, and the determination of the validity, extent or priority of liens.

## BACKGROUND FACTS

David and Sheilagh married on March 23, 2003. On May 11, 2006, Sheilagh filed a petition for dissolution with the Superior Court of California, County of Monterey (the "California Superior Court") Case No. DR 44613 (the "Dissolution Action").

On May 29, 2009, David filed Case No. M 91221 in the California Superior Court seeking a constructive trust, an award of over $100,000 for purported services performed prior to the parties' marriage, and a judgment regarding joint property (the "Contract Action"). That court ruled the subject matter of the Contract Action should be adjudicated in the California Family Law Court. However, the Family Law Court refused to consolidate the Contract Action with the Dissolution Action. David continued to assert in the Contract Action that approximately $100,000 of business income and community property was due to him in connection with the dissolution proceedings for the period following the parties' separation. In February 2009, Sheilagh moved for judgment on the pleadings in the Contract Action, and the California Superior Court granted the motion on March 20, 2009.

In January 2010, the California Superior Court entered judgment in the Dissolution Action in favor of David in the amount of $4,467 on his claim for conversion of community money, $107,401.93 on his claim for conversion of non-community money, plus $7,885.21 to equalize the division of the parties' community assets and debts. In addition, Sheilagh was ordered to sell 131 6th Street, Pacific Grove, CA 93950 (the "Property"), an asset awarded to her in the Dissolution Action, to satisfy the debt. Sheilagh did not sell the Property. On February 9, 2011, David filed a motion seeking to have the Property sold with the clerk of the court designated as agent to execute all documents. A hearing on David's motion was scheduled for March 18, 2011, but Sheilagh filed her Chapter 7 case four days prior to the hearing.

On June 9, 2011, David filed Adversary Proceeding No. 11-1381 MER with respect to the Chapter 7 Case, seeking a finding of nondischargeability of Sheilagh's asserted debt of $111,868.93 pursuant to 11 U.S.C. §§ 524(a)(4), (6), and (15),[1] and civil theft under COLO. REV. STAT. § 18-4-405. On February 2, 2012, this Court granted summary judgment in David's favor pursuant to § 523(a)(15). Shortly thereafter, on March 27, 2012, with the Chapter 7 case still pending, Sheilagh filed the Chapter 13 Case in response to David's efforts to collect on the § 523(a)(15) judgment.

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

On June 28, 2012, David filed Adversary Proceeding No. 12-1410 MER in the Chapter 13 case, seeking a finding of nondischargeability under §§ 523(a)(4) and (6), and a finding of civil theft under COLO. REV. STAT. § 18-4-405.  On December 6, 2012, the Court denied Sheilagh's motion to dismiss Adversary Proceeding No. 12-1410 MER, but ordered it held in abeyance pending the final outcome of Adversary Proceeding No. 11-1381 MER with respect to claims other than the § 523(a)(15) claim.

## DISCUSSION

Sheilagh claimed a homestead exemption in the Property under CAL. CIV. PROC. CODE § 704.730, which provides:

> (a) The amount of the homestead exemption is one of the following:
>
> > (1) Seventy-five thousand dollars ($75,000) unless the judgment debtor or spouse of the judgment debtor who resides in the homestead is a person described in paragraph (2) or (3).[2]

Like Colorado, California has "opted out" of the federal exemption scheme, making Sheilagh's right to an exemption in California property subject to California law.[3]  California recognizes two types of homestead exemptions, a declared homestead and an automatic homestead exemption.[4]  Here, Sheilagh's Amended Schedule C indicates her claimed exemption falls under CAL. CIV. PROC. CODE § 704.730, the "automatic exemption" statute.  Moreover, there is no evidence to suggest a homestead declaration was made or recorded pursuant to CAL. CIV. PROC. CODE § 704.920.  Therefore Sheilagh is claiming the "automatic exemption."

To be entitled to an automatic exemption, California law imposes a residency requirement.  As noted by the *Kelley* Court:

> [T]he automatic homestead exemption can only be claimed by a debtor who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the

---

[2] CAL. CIV. PROC. CODE § 704.703(a)(1).

[3] CAL. CIV. PROC. CODE § 703.130; *In re Mulch*, 182 B.R. 569, 572 (Bankr. N.D. Cal.1995).

[4] A declared homestead exemptions falls under CAL. CIV. PROC. CODE §§ 704.910–704.995. An automatic homestead exemption is governed by CAL. CIV. PROC. CODE §§ 704.710–704.850.  *See Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 17–18 (9th Cir. BAP 2003);  *In re Cumberbatch*, 302 B.R. 675, 678 (Bankr. C.D. Cal. 2003).

> dwelling. See CAL. CIV. PROC. CODE §§ 704.710(a), (b), (c), 704.720, 704.730, 704.740. [T]he involuntary or forced sale requirement of the automatic homestead exemption [is] satisfied with the filing of the bankruptcy petition.
>
> Pursuant to California law, the factors a court should consider in determining residency for homestead purposes are physical occupancy of the property and the intention with which the property is occupied. *See Ellsworth v. Marshall*, 196 Cal. App. 2d 471, 474, 16 Cal. Rptr. 588 (1961).[5]

Physical presence is one factor considered to determine residency for an automatic homestead exemption. California courts have determined residency exists in the absence of physical occupancy where debtors returned to the claimed residence on weekends and their daughter resided there full time without paying rent;[6] where a debtor's absence from her residence was involuntary due to incarceration;[7] and where a debtor's belongings and dog remained in the residence during a four-month absence and her driver's license and voter registration listed the residence as her address.[8] The *Karr* Court explained:

> California's automatic homestead exemption applies to a debtor's "principal dwelling" in which the debtor resided "on the date the judgment creditor's lien attached to the dwelling" and in which the debtor "resided continuously [ ] until the date of the court determination that the dwelling is a homestead." CAL. CIV. PROC. CODE § 704.710(c). The 1983 amendments to the automatic homestead provision deleted the word "actually" before "resides," to make clear that a person "temporarily absent (such as a person on vacation or in the hospital)" can still claim an automatic exemption for his principal dwelling. Legislative Committee Comment to amended CAL. CIV. PROC.

---

[5] *Kelley*, 300 B.R. at 21. The Court notes the basis for the *Kelley* decision was the declared homestead, not the automatic homestead claimed here, but, in *dicta*, the *Kelley* Court set forth the distinction between the two and the framework for examining automatic homestead exemption claims.

[6] *In re Pham*, 177 B.R. 914, 919 (Bankr. C.D. Cal. 1994).

[7] *In re Crabb*, 2007 WL 7209436, at *3 (Bankr. S.D. Cal. June 21, 2007) (unpublished decision).

[8] *In re Karr*, 278 Fed. Appx. 741, 742 (9th Cir May 14, 2008) (unpublished decision); *see also In re Bruton*, 167 B.R. 923, 926 (Bankr. S.D. Cal. 1994) (finding an absence temporary where a debtor was absent due to out of town employment, but left his furniture and belongings at his previous residence, and returned to the residence for long weekends).

>CODE § 704.710. <u>A court considers two factors in determining residency for homestead purposes: (1) intent to make the property a residence and (2) physical occupancy of the property</u>. *In re Pham*, 177 B.R. 914, 918 (Bankr. C.D. Cal.1994) (citations omitted). Exemptions are determined "as of the date the bankruptcy petition was filed." *In re Mayer*, 167 B.R. 186, 188 (9th Cir. BAP 1994).[9]

In this case, although Sheilagh testified she desired to live in California, she conceded she was unable to find a job there, and moved to Colorado for employment. She has been absent from the Property since October 2010, and has been renting in the Denver area on a month-to-month basis. Sheilagh holds a California real estate license, and retains her drivers license and voter registration in California. In addition, she is taking online courses for the purpose of seeking a job in California. She stated she keeps furniture and other possessions in the Property, which is not rented to others, and maintains a post office box in California. She believes her son may occasionally stay at the Property, but presented no evidence to this effect. She conceded she does not visit California often, but has returned to see her children three times since filing her Chapter 7 petition. However, she did not indicate whether she visited or stayed at the Property during these trips.

The Court finds Sheilagh's mere desire to return to California at an unspecified date in the future does not constitute residency under California law. Sheilagh's absence from the Property is longer than those reported in the case law, and as noted by Judge Starzynski of the Bankruptcy Court for the District of New Mexico, living and working in a different state "for an indefinite time with a vague notion that they might one day return to California" does not entitle a debtor to the California homestead exemption.[10] For these reasons the Court finds Sheilagh is not entitled to claim the automatic homestead exemption for the Property pursuant to CAL. CIV. PROC. CODE § 704.730. In addition, David's lien cannot be avoided as impairing such an exemption because Sheilagh is not entitled to an exepmtion against the Property.

Accordingly,

IT IS ORDERED the *Verified Motion to Void Judicial Lien on Debtor's Real Property*, filed in Chapter 7 Case No. 11-15126 MER, is hereby denied.

---

[9] *Id.* (emphasis added).

[10] *In re Shephard*, 2007 WL 1385725, at *3 (Bankr. D. N.M. May 7, 2007)(Not Reported in B.R.) (citing *In re Anderson*, 824 F.2d 754, 756 (9th Cir. 1987) for the proposition only temporary absences like a vacation or hospital stay are excusable under the California homestead statutes).

IT IS FURTHER ORDERED the *Objections to Claim of Property Exemption* filed in Chapter 7 Case No. 11-15126 MER and Chapter 13 Case No. 12-15879 MER are sustained.

Dated March 22, 2013　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　Michael E. Romero
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge