

Signed/Docketed
March 22, 2013

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-15126 MER |
| SHEILAGH KERRIGAN-RONAN-PREW, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| In re: ) | |
| ) | Case No. 12-15879 MER |
| SHEILAGH KERRIGAN-RONAN-PREW, ) | |
| ) | Chapter 13 |
| Debtor. ) | |

## ORDER

This matter comes before the Court on the following motions filed by David Prew ("David") in the two pending bankruptcy cases of Debtor Sheilagh Kerrigan-Ronan-Prew ("Sheilagh"):

In Chapter 7 Case No. 11-15126 MER ("Chapter 7 Case"):

- *David Prew's Objection to Claims* concerning Claim Number 1 of Creditor Bernard Rudd ("Rudd") and Claim Number 4 of Creditor Henry Seigel ("Siegel") (Docket No. 130 and No. 131).

In Chapter 13 Case No. 12-15879 MER ("Chapter 13 Case"):

- *David Prew's Objection to Claims* (Docket No. 30), regarding the claims of Henry Siegel and Bernard Rudd, and Henry Siegel's Reply (Docket No. 37).

## JURISDICTION

The Court has jurisdiction over these matters under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). These matters constitute core proceedings under 28 U.S.C. § 157(b)(2)(B), as they involve allowance or disallowance of claims against the estate or exemptions from property of the estate.

## STANDING

11 U.S.C. § 502(a)[1] provides: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest. . . objects." The term "party in interest" includes "all persons whose pecuniary interest are directly affected by the bankruptcy proceedings."[2] David's debt of $116,417.00 was found non-dischargeable under § 523(a)(15) in Sheilagh's Chapter 7 proceeding, and he filed a proof of claim in that case. Thus, David has a pecuniary interest in both of Sheilagh's bankruptcy cases and is a party in interest with standing to object to the claims of Rudd and Siegel pursuant to § 502(a).

## BACKGROUND FACTS

The background facts pertaining to this matter are set forth in detail in the Court's Order of even date concerning the Sheilagh's claimed homestead exemption and motion to void David's lien on the subject property. Those facts are hereby incorporated by reference.

## DISCUSSION

As a preliminary matter, the Court notes the pending Objections do not dispute the entirety of Rudd's and Siegel's claims. Rather, the Objections dispute the characterization of the claims as secured.

### A.   Rudd's Claim

Rudd's claim (Proof of Claim No. 1) states the basis for the claim is "cash loans, and indicates it is a secured claim secured by real estate."[3] The proof of claim contains statements indicating transfers from bank accounts, and a statement of the amount Rudd claims. It does not contain a note or deed of trust.

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2] *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995).

[3] Sheilagh Prew's Exhibit 9. No note or deed of trust appears in the exhibit provided to the Court or in the Court's own records.

Once a proof of claim has been filed under § 501, the claim "is deemed allowed, unless a party in interest objects."[4] However, the claimant bears the ultimate burden of persuasion as to the validity and amount of the claim.[5] Here, Rudd has not responded to the objections and has shown no proof of a security interest in any collateral. Accordingly, the Court finds his claim must be disallowed as a secured claim.

**B.    Siegel's Claim**

Siegel's claim (Proof of Claim No. 4) indicates it is based on a promissory note secured by a deed of trust for legal services.[6] It also contains a copy of a document entitled "Straight Note" dated June 18, 2009, in the amount of $25,000. It also contains a Deed of Trust and Assignment of Rents dated June 18, 2009, for the purpose of securing $25,000. Further, Siegel attached a copy of the Deed of Trust and Assignment of Rents dated September 4, 2009, to his proof of claim for the purpose of securing $26,000. However, the proof of claim does not contain a corresponding note. According to the letter attached to his proof of claim and his testimony, Siegel has been unable to locate the second note.[7]

In his Reply to David Prew's Objections[8] and in his testimony at hearing, Mr. Siegel pointed out the California Court had entered an order dividing two parcels of real property owned by David and Sheilagh as community property, and awarding the subject Property to Sheilagh. Therefore, after that order, the Property constituted Sheilagh's separate property and she was free to encumber it.[9]

---

[4]  11 U.S.C. § 502(a); *In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993)

[5]  *See* id. at 680.

[6]  Sheilagh Prew's Exhibit 11.

[7]  Id. at p. 21. In addition, he acknowledged during cross-examination no second note was attached to the proof of claim. None was offered as an exhibit. Further, although Siegel's letter and testimony indicated Sheilagh had prepared both notes and deeds of trust, Sheilagh testified she prepared those documents, but was unable to produce them.

[8]  Chapter 13 Case, Docket No. 37.

[9]  *See* Sheilagh Prew's Exhibit 12, pp. 2 and 3, a portion of an order bearing a transmission date of July 11, 2007, and a Interspousal Transfer Deed dated November 5, 2007. Mr. Siegel testified these documents reflected orders of the California Court in the dissolution proceeding.

This Court notes there is very little case law addressing the operation of either CAL. FAM. CODE § 233 or CAL. FAM. CODE § 2040(a), but recognizes CAL. FAM. CODE § 2040(a)(2) states "nothing in the restraining order shall preclude a party from using . . . the party's **own separate property** to pay reasonable attorney's fees and costs. . . ."[10] Accordingly, based on Mr. Siegel's testimony and the Court's own examination of the statute, the Court finds Sheilagh could encumber the Property after the entry of the 2007 California Court order. Therefore, the argument Siegel's lien is invalid under CAL. FAM. CODE §§ 233 and 2040(a) fails.

David's other objection to Siegel's claim stems from the absence of a note in connection with the Deed of Trust dated September 4, 2009. As noted above, although the proof of claim itself indicates a second note existed, neither Siegel nor Sheilagh produced a copy of the second note.

As noted above, once a proof of claim has been filed under § 501, the claim "is deemed allowed, unless a party in interest objects."[11] When the proof of claim is executed and filed in accordance with FED. R. BANKR.P. 3001 (including Official Form 10),[12] the proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.[13]

When the presumption of validity is present and a party in interest files an objection to the allowance of a claim, the well-established burdens of proof are as follows:

> The objecting party has the burden of going forward with evidence supporting the objection. *See Abboud v. Abboud (In re Abboud)*, 232 B.R. 793, 796 (Bankr. N.D. Okla.), *aff'd*, 237 B.R. 777 (10th Cir. BAP 1999). Such evidence must be of probative force equal to that of the allegations contained in the proof of claim. *See id.* However, an objection raising only legal issues is sufficient. *See In re Lenz*, 110 B.R. 523, 525 (D. Colo. 1990). Once the objecting party has reached this threshold, the creditor [claimant] has the ultimate burden of

---

[10] CAL. FAM. CODE § 2040(a)(2) (emphasis added).

[11] 11 U.S.C. § 502(a); *In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993)

[12] FED. R. BANKR. P. 3001(a).

[13] FED. R. BANKR. P. 3001(f) (stating "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."); *Harrison, supra,* at 680.

persuasion as to the validity and amount of the claim.  *See In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993).[14]

David's objection to Siegel's claim, or the secured classification of Siegel's claim, argues Siegel's lien cannot be valid under CAL. FAM. CODE §§ 233 and 2040(a).  For the reasons above, the Court finds this argument insufficient for David to satisfy his burden of going forward with evidence supporting his objection.  On the other hand, Siegel has provided evidence showing the existence of a note in the amount of $25,000 and a deed of trust in the amount of $25,000, and indicated the note represented both owing and prospective fees.  However, Siegel could not produce any note to support the second deed of trust in the amount of $26,000.  Accordingly, David's objection to Siegel's claim and his motion to reclassify Siegel's claim as unsecured will be denied in part, as to the $25,000 portion of the claim, and granted in part, as to the $26,000 portion of the claim.

## CONCLUSION

For the above reasons

IT IS ORDERED *David Prew's Objection to Claims* concerning Claim Number 1 of Creditor Bernard Rudd ("Rudd") are hereby granted and Rudd's claim will be reclassified as an unsecured claim.

IT IS FURTHER ORDERED David Prew's Objections to Claims concerning Claim Number 4 of Creditor Henry Seigel ("Siegel") is DENIED as to the $25,000 portion of Siegel's claim, and GRANTED as to $26,000 portion of Siegel's claim.

Dated March 22, 2013                              BY THE COURT:

                                                  Michael E. Romero
                                                  United States Bankruptcy Judge

---

[14] *Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140, 145 (10th Cir. BAP 2003) (citations omitted); *see also In re Richter*, 478 B.R. 30, 40-41 (Bankr. D. Colo. 2012).